UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| REACTION LABS LLC a/k/a LUP, § § *Plaintiff*, § § v. § § SHENZHEN JINCHI TECHNOLOGY § CO., LTD., SKEGIC, AND § SKEGIC.COM, § § *Defendants*. § | Civil Action No. 1:25-cv-00942 |

**PLAINTIFF REACTION LABS LLC A/K/A LUP'S ORIGINAL COMPLAINT**

Plaintiff Reaction Labs LLC a/k/a Lup ("Lup") files this Complaint against Shenzhen Jinchi Technology Co., Ltd., Skegic, and Skegic.com (collectively "Defendants") seeking damages and other relief for patent infringement, and allege as follows:

**NATURE OF ACTION**

1. This is an action for patent infringement arising under Title 35 of the United States Code, seeking monetary damages and other relief against Defendants due to its infringement of Plaintiff's rights in United States Patent No. 11,972,881 ("'881 Patent") (the "Asserted Patent") in accordance with 35 U.S.C. § 271.

**PARTIES**

2. Plaintiff Lup is a limited liability company organized and existing under the laws of Texas and maintains a principal place of business at 5606 Shoalwood Ave., Austin, Texas 78756. Lup is in the business of selling magnetized data and power cables under the brand "Lūp," and its emerging technology is beginning to be adopted widely. Lup has also exclusively licensed the Asserted Patent to Statik, who sells authorized products under the brand "MagStack."

3.     On information and belief, Defendant Shenzhen Jinchi Technology Co., Ltd. ("Shenzhen Jinchi") is a limited liability company organized under the laws of China, with a principal place of business at Fishery Community, Xixiang Str., Baoan, Room 1109 Henglin Bldg., Baoyuan Rd., Shenzhen, Guangdong, China, 518102.  As a foreign entity doing business in the state of Texas without being registered as required by Chapter 9 of the Texas Business Organizations Code ("Tex. Bus. Orgs. Code"), Shenzhen Jinchi may be served with process by serving the Secretary of State of the State of Texas, its agent for service of process in accordance with Tex. Bus. Orgs. Code § 5.251.

4.     On information and belief, Defendant Skegic operates the website www.skegic.com, accessible in Texas and in this judicial district.  As an entity doing business in the state of Texas without being registered as required by Chapter 9 of the Tex. Bus. Orgs. Code, Skegic may be served with process by serving the Secretary of State of the State of Texas, its agent for service of process in accordance with Tex. Bus. Orgs. Code § 5.251.

5.     On information and belief, Defendant Skegic.com is an active and interactive website accessible at www.skegic.com, and is operated by Skegic or Defendant Shenzhen Jinchi.  The website is accessible in Texas and in this judicial district.  As an entity doing business in the state of Texas without being registered as required by Chapter 9 of the Tex. Bus. Orgs. Code, Skegic.com may be served with process by serving the Secretary of State of the State of Texas, its agent for service of process in accordance with Tex. Bus. Orgs. Code § 5.251.

## JURISDICTION AND VENUE

6.     This is an action for patent infringement under the Patent Laws of the United States, Title 35 of the United States Code, 35 U.S.C. §§ 1 *et. seq*. and 371 (patent infringement).  This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338(a).  This

Court also has subject matter jurisdiction over this action under 28 U.S.C. § 1332, because the amount in controversy exceeds $75,000 and Defendants are citizens of a foreign state and are not lawfully domiciled in Texas.  Venue is proper under 28 U.S.C. §§ 1391(c)(3) and 1400(b).

7. This Court has personal jurisdiction over Defendants under the laws of the State of Texas, including the Texas long-arm statute, TEX. CIV. PRAC. & REM. CODE § 17.042.

8. Plaintiff's cause of action arises directly from Defendants' business contacts and other activities in the State of Texas and in the Western District of Texas:  Defendants are present within and have minimum contacts within the State of Texas and the Western District of Texas; Defendants have purposefully availed themselves of the privileges of conducting business in the State of Texas and in the Western District of Texas; Defendants have sought protection and benefit from the laws of the State of Texas; and Defendants regularly conducts business within the State of Texas and within the Western District of Texas.

9. Defendants directly and/or through intermediaries, ship, distribute, use, offer for sale, sell, and/or advertise products and services in the United States, the State of Texas, and the Western District of Texas.

10. This Court also has personal jurisdiction over Defendants because Defendants have committed, contributed to, and induced acts of patent infringement and has regularly and systematically conducted and solicited business in this District by and through at least the sales and offers for sale of Defendants' products, and other contractual arrangements with Defendants' customers, developers, distributors and third-party providers using Defendants' products located in and/or doing business in this District.

11. Defendants have been, and currently is, continuously and systematically conducting business in this jurisdiction and throughout Texas.  Defendants have systematically,

continuously, and purposely harmed Lup in this jurisdiction by infringing one or more claims of the Asserted Patent.

12. The claims at issue in this case arise in part out of the products offered for sale by Defendants in the state of Texas and this judicial district.

## ASSERTED PATENT

### U.S. Patent No. 11,972,881

13. On June 22, 2023, United States Patent Application No. 18,339,272 entitled "Magnetized Cable for Improved Cable Management" was filed in the United States Patent and Trademark Office.

14. On April 30, 2024, the United States Patent and Trademark Office granted United States Patent No. 11,972,881.  A true and correct copy of the '881 Patent is attached hereto as **Exhibit A** and is incorporated herein by reference.

15. The '881 Patent is valid and subsisting.

16. The sole inventor of the '881 Patent is John Nashed Hanna.  John Nashed Hanna has assigned all rights and title to Lup.  Therefore, Lup is the sole owner by assignment of the '881 Patent and possesses all rights of recovery under the '881 Patent, including the right to sue for infringement, recourse for damages, and to seek injunctive relief.

## CLAIM FOR RELIEF

### Infringement of U.S. Patent No. 11,972,881

17. Plaintiff hereby incorporates by reference the preceding paragraphs of the Complaint as if set forth here in full.

18. Lup is the owner of the '881 Patent titled *Magnetized Cable For Improved Cable Management*.  **Exhibit A**.

19.     Upon information and belief, Defendants import, make, use, offer for sale, and sell products through the brand "Skegic" (www.skegic.com) that directly infringe, literally and/or under the doctrine of equivalents, one or more claims of the '881 Patent, including, for example, its magnetic 4-in-1 USB-C Cables and its magnetic USB-C Cables ("Accused Products"). Below are pictures of an Accused Product sold on www.skegic.com:



**Exhibit B** (Skegic website, cable products).

20.     The Accused Products satisfy all claim limitations of one or more claims of the '881 Patent. For example, the Accused Products infringe exemplary Claims 1 and 2 and comprise a magnetized cable. **Exhibit C, D** ("this magnetic cable is designed for convenience").

21.     The Accused Products comprise one or more electrically conductive wires. *Id.* ("Data transfer up to 480 Mbps").

22.     The Accused Products comprise an elongated flexible magnetized component (EFMC) configured to produce a persistent magnetic force wherein at least some portions of the magnetized cable are magnetically attracted to at least some other portions of the magnetized cable when the magnetized cable is coiled. *Id.* ("Stay tangle-free with the magnetic design.")

23. The Accused Products comprise an EFMC which includes a pliable polymer binder and magnetic particles distributed within the pliable polymer binder. *Id*.

24. The Accused Product comprise a magnetic cable with a substantially rectangular cross section defining a pair of substantially planar and parallel major surfaces, where the first of the major surfaces lies within a first polarity region of the persistent magnetic field and a second of the major surfaces lies within a second polarity region of the persistent magnetic field. *Id.*; *see also* **Exhibit B** (Magcable USB4 | USB-C to USB-C 100W (1m)).

25. As another example, the Accused Products infringe Claim 6 and comprise a magnetized cable comprising one or more electrically conductive wires and an elongated flexible magnetized component (EFMC) configured to produce a persistent magnetic force wherein at least some portions of the magnetized cable are magnetically attracted to at least some other portions of the magnetized cable when the magnetized cable is coiled, wherein at least one of the one or more electrically conductive wires is embedded in and surrounded by the EFMC. *Id*.

26. By making, using, offering for sale, selling and/or importing into the United States the Accused Products, Defendants have injured Plaintiff and is liable for infringement of the '881 Patent pursuant to 35 U.S.C. § 271.

27. As a result of Defendants' infringement, Plaintiff is entitled to monetary damages in an amount adequate to compensate for Defendants' infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendants, together with interest and costs as fixed by the Court.

28. Lup's own patented products and its licensee's authorized products are in direct competition with the Accused Products. As a result of Defendants' ongoing infringement, Plaintiff and its licensee are and will continue suffering irreparable harm, including price erosion, loss of

market position, and loss of business opportunities. This irreparable harm will continue to increase unless Defendants are enjoined from their infringing conduct.

## RELIEF REQUESTED

WHEREFORE, Plaintiff prays for the following relief:

A. A judgment in favor of Plaintiff that Defendants have infringed the '881 Patent;

B. A judgment in favor of Plaintiff by awarded damages adequate to compensate it for Defendants' past infringement and any continuing or future infringement of the '881 Patent up until the date of such judgment is entered, including pre-judgment and post-judgment interest, costs and disbursements; and if necessary to adequately compensate Plaintiff for Defendants' infringement, and accounting;

C. A preliminary and permanent injunction enjoining Defendants and those in active concert or participation with Defendants from infringing the '881 Patent;

D. Awarding Plaintiff's attorneys' fees, costs and expenses incurred in prosecuting this action; and

E. Awarding Plaintiff such other and further relief as the Court deems just and proper.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38(e), Plaintiff hereby demands a trial by jury on all issues so triable.

Dated: June 19, 2025

Respectfully Submitted,

*/s/ Daniel Scardino*
Daniel Scardino
Texas State Bar No. 24033165
Henning Schmidt
Texas State Bar No. 24060569
SCARDINO LLP
111 Congress Avenue, Suite 500
Austin, TX 78701
Tel.: (512) 443-1667

Fax: (512) 487-7606
daniel@scardinollp.com
Henning.schmidt@scardinollp.com

*Counsel for Plaintiff Reaction Labs LLC a/k/a Lup*